## REUBEN W. HOPKINS *vs.* JOHN H. ALLEY.

Suffolk. March 28. — April 7, 1876. COLT & LORD, JJ., absent.

A submission was made to arbitration to determine the "demand which H. has against A. in the settlement of the affairs of the late firm of P. & A." The award thereunder determined "the claim of H. upon A. in the matter of settling the copartnership between H. and A. and P.," and that H. upon the receipt of a sum of money named should "furnish A. with a release in full from P. of any claim which the said P. might have upon the said A. in copartnership existing previous to May 31, 1871." In an action by H. against A. on the award, the declaration alleged that H. was a special partner in the firm of P. & A., of which firm P. & A. were the general partners, and that he was ready to perform on his part what the award required of him. The answer was a general denial, and that the award was not within the submission. *Held,* on exceptions to the refusal of the judge, who tried the case without a jury, to rule that the award was not within the submission, that it must be assumed to have been found as matter of fact, that the firm of P. & A. consisted of H. and A. and P., and that H. was ready to perform on his part what the award required of him.

CONTRACT on an award. The declaration alleged that the plaintiff was a special partner in the firm of Putnam & Alley, of which firm one George D. Putnam and the defendant were the general partners; that a controversy arose between the defendant and himself as to what amount was due to him from the defendant in the settlement of the affairs of the firm; and they, by a submission in writing, chose and appointed two persons named to hear and finally determine for them said controversy, and mutually promised to stand to and abide by the award thereupon, and that the plaintiff was ready on his part to perform what the award required of him. The answer contained a general denial, and alleged that the award was not within the submission.

The submission and award (copies of which were annexed to the declaration) were as follows:

"Know all men by these presents: That Reuben W. Hopkins, of Arlington, in the county of Middlesex and State of Massachusetts, and John H. Alley, of Lynn, in the county of Essex and State of Massachusetts, have agreed to submit the demand which the said Reuben W Hopkins has against the said John H. Alley, in the settlement of the affairs of the late firm of Putnam & Alley, to the determination of Benjamin F. Moore and William T. Foster, together with a third party if the said Moore and

Foster cannot agree, the award of whom being made and reported within ten days from this day to the said Hopkins and Alley, the judgment thereon shall be final; and if either party shall neglect to appear before the referees after due notice given them of the time and place appointed for hearing the parties, the referees may proceed in his absence.      John H. Alley,
" February 1, 1873.                    Reuben W. Hopkins."

" We, the undersigned, do hereby decide, in adjusting the claim of Reuben W. Hopkins upon John H. Alley, in the matter of settling the copartnership between said Hopkins and Alley and George D. Putnam; that the said John H. Alley shall pay the said Reuben W. Hopkins the sum of one thousand nine hundred and ninety-eight $\frac{25}{100}$ dollars, with interest at the rate of seven per cent. per annum from May 31, 1871, when the copartnership ceased; upon receipt of which money or its equivalent said Hopkins shall furnish said Alley with release in full from George D. Putnam of any claim which the said Putnam may have upon the said Alley in copartnership existing previous to 31st May, 1871.                    Benj. F. Moore, ⎞ Referees."
" February 5, 1873.                    Wm. T. Foster, ⎠

At the trial in the Superior Court, before *Pitman*, J., without a jury, the defendant asked the judge to rule, as matter of law, that the award was not within the submission; that the arbitrators had exceeded their authority thereunder and had determined matters not submitted to them; that the same was void and that this action could not be maintained thereon. But the judge declined so to rule, and ruled that the award was valid under the submission, and (the plaintiff consenting to reduce the interest to six per cent.) rendered judgment for the plaintiff for the amount of said award, and interest at the reduced rate. The defendant alleged exceptions.

*E. L. Barney*, for the defendant.

*H. G. Parker*, for the plaintiff.

BY THE COURT. The defendant does not show that he is aggrieved by the ruling below. It is alleged in the declaration, and must be assumed upon these exceptions to have been found as matter of fact, that the firm of Putnam & Alley consisted of Hopkins and Alley and Putnam, and that the plaintiff was ready to perform on his part what the award required of him.

                    *Exceptions overruled.*